# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                CASE NO. 22- 40030-TC

**INNOCENT N. UGWU,**

        **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all times relevant to this Indictment:

## Introduction

1. Beginning in or about July 2019, and continuing until in or about January 2021, INNOCENT N. UGWU (hereinafter "Defendant"), engaged in multiple schemes to defraud known and unknown individuals throughout the United States involving various methods. As a result of his scheme, the Defendant fraudulently obtained approximately $149,476.00 from at least 25 individuals.

2. The Defendant was born in Nigeria in February 1988. In 2019, the

1

Defendant enlisted into the United States Army and applied for United States Citizenship with the Department of Homeland Security, an agency within the United States government. The Defendant completed basic training in March 2019 and was stationed at Fort Riley, Kansas beginning in August 2019.

3. The Defendant opened and was a signatory on the following bank accounts, relevant to the indictment:

a. Navy Federal Credit Union (NFCU) account, opened on January 8, 2019, under INNOCENT N. UGWU, ending in 0292. NFCU has branches on Fort Riley, and in Junction City and Manhattan, Kansas;

b. Kansas State Bank account, opened on August 20, 2019, under INNOCENT N. UGWU, ending in 0957. Kansas State Bank has branches in Manhattan and Junction City, Kansas;

c. US Bank account, opened on August 31, 2019, under INNOCENT N. UGWU, ending in 4471, has a branch in Manhattan, Kansas; and,

d. Armed Forces Bank account, opened on August 14, 2019, under INNOCENT N. UGWU, ending in 8912. Armed Forces Bank has branches on Fort Riley and in Junction City, Kansas.

4. Zelle is a mobile payment application (app) that allows peer-to-peer money transfers without handling cash or physically visiting a bank. Zelle has a standalone app that users can download to their smartphone. Users can transfer

money using the email address or phone number of the person who is to receive the transfer.

**Wire Fraud Scheme**

5. Beginning on an unknown date, but at least as early as July 2019 and continuing until January 2021, the Defendant and others known and unknown to the grand jury, with the intent to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises and by omission of material facts, targeted individuals in the United States through romance, advance fee and other fraudulent schemes.

6. A romance scheme occurs when an imposter posing as a potential romantic partner targets an individual using an internet dating website or social media platform for fraud. The imposter creates an online dating profile or social media account that often includes photographs of a fictitious persona. The imposter then expresses a romantic interest in the targeted individual in order to trick him or her into sending money to the imposter under false pretenses. The schemes attempt to defraud the targeted individuals of money by several means. Examples of such means include:

- claiming there was money internationally that the imposter could not access until the targeted individual paid a small amount of taxes (an advance fee scheme);

- claiming medical ailments or hardships to entice the targeted individual to transfer money for life saving medical procedures;
- contacting the targeted individual pretending to be an attorney and requesting money as a retainer to pursue the fraudsters to recoup the targeted individual's original loss.

7. An advance fee scheme occurs when the targeted individual pays money in anticipation of receiving something of greater value. The person perpetrating the fraud may promise the targeted individual items such as a loan, contract, investment, or gift in exchange; however, the targeted individual actually receives little or nothing in return.

8. For the purpose of executing the scheme described above, and attempting to do so, the Defendant and other individuals unknown to the grand jury:

   a. convinced targeted individuals to transfer money under false pretenses into bank accounts the Defendant opened and maintained;
   b. used some of the proceeds from the fraudulently obtained money for personal use and transferred the remaining money to others;
   c. received fraudulently obtained proceeds in the amount of approximately $144,976.00 from individuals located throughout the United States;

    d.    caused Victim 1 ("V1"), a resident of Texas, to meet the Defendant in a parking lot in Greenville, Texas and provide him with $30,000 in cash in response to a romance scheme;

    e.    caused Victim 2 ("V2"), a resident of Maine, to transfer a total of $14,000.00 to the Defendant's bank accounts at US Bank and Kansas State Bank, located in Kansas, under false pretenses; and,

    f.    caused Victim 3 ("V3"), a resident of Arkansas, to transfer a total of $11,610.00 to the Defendant's bank accounts at Navy Federal Credit Union and Armed Forces Bank, located in Kansas, under false pretenses.

## COUNTS 1-5

### Wire Fraud
### [18 U.S.C. § 1343]

9.    Paragraphs 1 through 8 are incorporated herein by reference as though fully restated.

10.    On or about the dates set forth below, in the District of Kansas and elsewhere, the Defendant,

**INNOCENT N. UGWU**

for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, with the intent to defraud, knowingly transmitted and caused to be transmitted

by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and should as follows:

| Count | On/About Date | Transmission |
|---|---|---|
| 1 | 1/31/2020 | a wire transfer of $1,450.00 from V2's Key Bank account ending in 7279, located in Augusta, ME, to the Defendant's US Bank account ending in 4471, located in Manhattan, KS |
| 2 | 5/27/2020 | a wire transfer of $5,500.00 from V2's Key Bank account ending in 4570, located in Augusta, ME, to the Defendant's Kansas State Bank account ending in 0957, located in Manhattan, KS |
| 3 | 11/18/2020 | a wire transfer of $1,500.00 from V3's "Zelle" account ending in 2911, located in Arkansas, to the Defendant's Navy Federal Credit Union account ending in 0292, located in Manhattan, KS |
| 4 | 12/16/2020 | a wire transfer of $1,550.00 from V3's "Zelle" account ending in 2911, located in Arkansas, to the Defendant's Navy Federal Credit Union account ending in 0292, located in Manhattan, KS |
| 5 | 1/20/2021 | a wire transfer of $1,800.00 from V3's "Zelle" account ending in 2911, located in Arkansas, to the Defendant's Armed Forces Bank account ending in 8912, located in Manhattan, KS |

This was in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 6 – 10

### Laundering of Monetary Instruments
### [18 U.S.C. § 1956(a)(1)(B)(i)]

11.     Paragraphs 1 through 10 are incorporated herein by reference as though fully restated.

12.     Navy Federal Credit Union and Kansas State Bank were federally insured financial institutions as defined in 18 U.S.C. § 20, and financial institutions as defined in 31 U.S.C. § 5312.

13. On or about the dates set forth below, in the District of Kansas, and elsewhere, the Defendant,

**INNOCENT N. UGWU,**

knowingly and willfully conducted financial transactions affecting interstate commerce, that is, caused the transactions specified below, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, source and ownership of the proceeds of said specified unlawful activity, and, that while conducting these transactions, the Defendant knew that all and part of the property involved in these financial transactions represented the proceeds of some form of unlawful activity:

| Count | On/About Date | Amount of Transaction | Partial Account No. |
|---|---|---|---|
| 6 | 05/27/2020 | $500.00 ATM withdrawal following deposit from V2 on 05/27/2020 in the amount of $5,500.00 Trans no. 0656 | Kansas State Bank Account Ending 0957 |
| 7 | 05/27/2020 | $500.00 ATM withdrawal following deposit from V2 on 05/27/2020 in the amount of $5,500.00 Trans no. 0657 | Kansas State Bank Account Ending 0957 |

| | | | |
|---|---|---|---|
| 8 | 05/28/2020 | $2,300.00 debit following deposit from V2 on 05/27/2020 in the amount of $5,500.00 | Kansas State Bank Account Ending 0957 |
| 9 | 05/29/2020 | $2,100.00 debit following deposit from V2 on 05/27/2020 in the amount of $5,500.00 | Kansas State Bank Account Ending 0957 |
| 10 | 12/16/2020 | $1,550.00 cash withdrawal following deposit from V3 on 12/16/2020 in the amount of $1,550.00 | Navy Federal Credit Union Account Ending 0292 |

This was in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 11

### Procurement of Citizenship or Naturalization Unlawfully
### [18 U.S.C. § 1425]

14. On March 10, 2019, the Defendant completed and signed under penalty of perjury a Department of Homeland Security, U.S. Citizenship and Immigration Services Application for Naturalization Form N-400 (Application). In the Application, the Defendant affirmatively stated he was applying for citizenship based on his military service.

15. On January 29, 2020, a Department of Homeland Security, UCIS adjudicator, reviewed with the Defendant each question of his N-400. The Defendant was allowed to make updates or corrections to this application, as needed. Once

completed, the Defendant affirmed and certified under penalty of perjury under the laws of the United States of America that the content of his N-400 application, and as amended during the interview, was true and correct. The Defendant signed the affirmation and his application was approved.

16. The Defendant knowingly provided false information on the application and during his interview for citizenship, including:

   a. failing to disclose two trips 24 hours or longer that were taken outside the United States during the last five years;

   b. claiming one marriage to a United States citizen when the Defendant had divorced in October 2019 and remarried a Nigerian citizen in December 2019; and,

   c. responding "No" to the question whether he had committed, assisted in committing, or attempted to commit, a crime or offense for which he was not arrested, when in fact the Defendant was involved in the wire fraud offenses described above and had been contacted by the United States Secret Service in December 2019 advising him that his banking activity was fraudulent and criminal.

17. The Defendant took the Oath of Allegiance to the Unites States on June 2, 2020 in Kansas City, Kansas and became a U.S. Citizen.

18.     On or about June 2, 2020, in the District of Kansas and elsewhere, the Defendant,

**INNOCENT N. UGWU**

knowingly procured and attempted to procure, contrary to law, his naturalization and United States citizenship, and documentary and other evidence of naturalization and of citizenship, that is, he provided false information and lied to government officials to obtain United States citizenship and gain immigration benefits, by failing to disclose on the Defendant's Application for Naturalization Form N-400 and during his interview with United States Citizenship and Immigration Service: a divorce, subsequent marriage to a Nigerian citizen, number of trips to Nigeria, and participation in fraudulent criminal activity.

This was in violation of Title 18, United States Code, Section 1425.

**FORFEITURE NOTICE**

19.     The allegations contained in Counts 1 through 11 of this Indictment are hereby realleged and incorporated for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 982(a)(6), and Title 28, United States Code, Section 2461.

**<u>Wire Fraud</u>**

20.     Upon conviction of one or more of the offenses identified in Counts 1 through 5, the Defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to a forfeiture money judgment against the Defendant in an amount equal to the gross proceeds obtained or derived from Counts 1 - 5.

## Money Laundering

21. Upon conviction of one or more of the offenses identified in Counts 6 through 10, the Defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property, including but not limited to, a forfeiture money judgment against the Defendant in an amount equal to the value of the property involved in Counts 6-10.

## Procurement of Citizenship or Naturalization Unlawfully

22. Upon conviction of the offense identified in Count 11, the Defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(6), any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offenses, and any property, real or personal, that: (a) constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses or (b) is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

23. If any of the foregoing property, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

|  May 25, 2022  | s/Foreperson |
|---|---|
| DATE | FOREPERSON OF THE GRAND JURY |

DUSTON J. SLINKARD
UNITED STATES ATTORNEY
District of Kansas

/s/Robin A. Graham, #19249
Special Assistant United States Attorney
1st Infantry Division and Fort Riley
216 Custer Avenue
Fort Riley, Kansas 66442
Ph: 785.239.6033
robin.a.graham2.civ@army.mil

(It is requested that trial of the above captioned case be held in Topeka, Kansas.)

## **PENALTIES**

### Counts 1 – 5
### Wire Fraud
### [18 U.S.C § 1343]

- Punishable by a term of imprisonment of not more than twenty (20) years. [18 U.S.C. § 1343].

- A term of supervised release of at not more than three (3) years.   [18 U.S.C. § 3583(b)(2)].

- A fine not to exceed $250,000.   [18 U.S.C. § 3571(b)(3)].

- A mandatory special assessment of $100.00.   [18 U.S.C. § 3013(a)(2)(A)].

- Restitution

- Forfeiture.

### Counts 6 – 10
### Laundering of Monetary Instruments
### [18 U.S.C. § 1956(a)(1)(B)(i)]

- Punishable by a term of imprisonment of not more than ten (10) years.   [18 U.S.C. § 1956].

- A term of supervised release of at not more than three (3) years.   [18 U.S.C. § 3583(b)(2)].

- A fine not to exceed $250,000.   [18 U.S.C. § 3571(b)(3)].

- A mandatory special assessment of $100.00.   [18 U.S.C. § 3013(a)(2)(A)].

- Forfeiture.

## Count 11
## [Procurement of Citizenship or Naturalization Unlawfully]

- Punishable by a term of imprisonment of not more than ten (10) years.   [18 U.S.C. § 1425]. on

- A term of supervised release of at not more than three (3) years.   [18 U.S.C. § 3583(b)(2)].

- A fine not to exceed $250,000.   [18 U.S.C. § 3571(b)(3)].

- A mandatory special assessment of $100.00.   [18 U.S.C. § 3013(a)(2)(A)].