UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

                Plaintiff,

v.                                                                                          Case Number: 22-40030-TC

**INNOCENT UGWU**,

                Defendant.

# DETENTION ORDER

**A.**     **Order for Detention**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) on May 31, 2022, Defendant Innocent Ugwu is detained pursuant to 18 U.S.C. §§ 3142(e) & (i).

**B.**     **Statement of Reasons for Detention**

As the ultimate reasons for detaining Defendant, the Court finds:

☒     by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, i.e., Defendant poses a serious flight risk.

**C.**     **Findings of Fact**

The Court's findings in connection with the decision to detain Defendant are based on the Indictment, evidence presented during the detention hearing, and information contained in the Pretrial Services Report, including the following:

☒     (1)     Nature and circumstances of the offenses charged in the present case:

    ☒     Defendant has been charged with running multiple schemes, including a romance scheme and an advanced fee scheme, to defraud individuals out of their money. Defendant conducted these schemes while he was a member of the United States Military and stationed at Fort Riley. As a soldier, Defendant was required to be fully transparent with the military about his location at all times. As discussed at the hearing, Defendant lied (or at a minimum, omitted material information) to the U.S. Military about his locations when he was alleged to be traveling to execute these schemes.

        In addition, Defendant is charged with providing false information on his citizenship application, including false information about his travel outside of the United States.

☒ (2) Based on the testimony at the detention hearing, the record indicates the Government has a strong case against defendant.

☒ (3) The history and characteristics of Defendant, including:

    (a) General factors:

        ☒ At the hearing, the Government put forth three witnesses who testified about Defendant's conduct while he was in the military. For good reasons, the military requires soldiers to be truthful about their travel, particularly when that travel is outside of the United States. Defendant's record as a soldier demonstrates his failure to comply with orders limiting his travel, which underscores his flight risk.

        Defendant went AWOL throughout part of December 2019 and January 2020 when he was traveling in Nigeria.

        In 2021, Defendant received permission from the military to travel to Texas. Unbeknownst to the military, however, after arriving in Texas, Defendant purportedly boarded a plane to Nigeria, which again was travel that was not approved by the military.

        Testimony at the detention hearing revealed additional instances in which Defendant was less than truthful about potential travel. For example, Defendant is alleged to have claimed to the military that his father died on two separate occasions as the basis for travel to Nigeria.

        ☒ Defendant has mental health challenges that affect whether he will appear. As discussed at the hearing, the military has initiated proceedings to discharge, or separate, Defendant from the military. In 2022 when Defendant was told about these proceedings, he informed the military that he was suicidal and threatened to go AWOL.

        ☒ Based on the testimony at the hearing, it is clear that Defendant will be separated from the military soon, leaving him without employment or a residence. Right now, the military is likely to seek a separation that is other than

2

       honorable, which could leave Defendant without any military benefits. This raises concerns about where Defendant will live when that separation is completed.

☒    As discussed at the hearing, Defendant's citizenship application was far from truthful. Defendant was required to fully disclose his travel outside of the United States and he failed to do so with regard to his travel to Nigeria. Defendant initially indicated in his citizenship application that he did not have children, only to disclose later that he has multiple children living in Nigeria. Defendant initially indicated that he was married to a U.S. citizen, but it is unclear if that information was accurate. He is now alleged to be married to a Nigerian citizen. Neither his wife nor his children have any ties to the United States and it does not appear that any of them have ever visited the United States. Other than one possible friend living in the United States, a friend who does not live in Kansas and who is alleged to have helped Defendant transfer money to Nigeria, Defendant has no meaningful ties to the United States, which again raises serious concerns about his flight risk, particularly when his military career ends.

☒    In his interview with Pretrial Services, Defendant initially refused to answer whether he continues to be a Nigerian citizen. At the hearing, counsel for Defendant stated that Defendant had a Nigerian passport as of at least 2013, but it is purportedly expired. While Defendant offered to turn in his expired passport and his current United States passport, it was unclear at the detention hearing whether Defendant could just request a new Nigerian passport or if he has other documentation that would allow him to return to Nigeria, where he was born and where all of his family lives. Defendant's history of unapproved travel, including going AWOL while a soldier, and his lack of any meaningful ties to the United States make him a serious flight risk. The U.S. Military was unable to control Defendant's travel and there is no reason to assume that Pretrial Services will have greater success.

## D.    <u>Additional Directives</u>

Pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), the Court directs that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.


Defendant shall be afforded reasonable opportunity for private consultation with counsel of record in this case. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated June 1, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge